22739

The STATE, Respondent v. Vernon MARTIN, Appellant.

(358 S. E. (2d) 697)

Supreme Court

*A. Glenn Greene, Jr.,* Dillon, *for appellant.*

*Atty. Gen. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

Submitted April 8, 1987.

Decided June 22, 1987.

*Per Curiam:*

Appellant was indicted for assault and battery with intent to kill (ABIK) and resisting arrest. He was convicted of both offenses and was sentenced to concurrent terms of fourteen years for ABIK and one year for resisting arrest. We affirm.

Appellant argues that he was entitled to ten peremptory challenges during the selection of the jury. He asserts that under S. C. Code Ann. § 14-7-1110 (Supp. 1986) he was en-

titled to five challenges for ABIK and five challenges for resisting arrest, for a total of ten peremptory challenges. We disagree.

Section 14-7-1110 governs the availability of peremptory challenges in criminal cases. It provides in relevant part as follows:

> Any person who is arraigned for the crime of murder, manslaughter, burglary, arson, rape, grand larceny, breach of trust when it is punishable as for grand larceny, perjury, or forgery is entitled to peremptory challenges not exceeding ten and the State in these cases is entitled to peremptory challenges not exceeding five. Any person who is indicted for any crime or offense other than those enumerated above has the right to peremptory challenges not exceeding five and the State in these cases is entitled to peremptory challenges not exceeding five.

In interpreting a statute, the primary purpose is to ascertain the intent of the legislature. *Garris v. Cincinnati Ins. Co.*, 280 S. C. 149, 311 S. E. (2d) 723 (1984). In our opinion, the legislature did not intend to give a defendant additional peremptory challenges because several charges are consolidated for trial. Instead, regardless of the number of charges to be tried together, a defendant is entitled to a total of ten peremptory challenges if any of the enumerated crimes in § 14-7-1110 are present and to a total of five peremptory challenges in all other cases.[1] Therefore, the trial judge properly limited the appellant to five peremptory challenges.

Appellant's remaining exceptions are without merit and are disposed of under Supreme Court Rule 23. Accordingly, the judgment of the trial court is

Affirmed.

---

[1] Additional language in Section 14-7-1110 modifies this general rule where multiple defendants are involved.